IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GILBERT BUMANLAG,

    Petitioner,                 No. 2:12-cv-2824 DAD P

    vs.

STEVEN DURFOR, et al.,

    Respondents.          ORDER

_____/

        Petitioner is a federal detainee proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The parties in this action have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  In his application for habeas relief petitioner claims that he is being improperly detained under the mandatory detention provisions of the Immigration and Nationality Act (INA), in violation of 8 U.S.C. § 1226(c) and his Fifth Amendment right to due process.  Petitioner seeks an order from this court: (1) declaring that his detention is governed by 8 U.S.C. § 1226(a) and not § 1226(c); and (2) requiring that the immigration judge hold a bond determination hearing in his case pursuant to 8 U.S.C. § 1226(a)(2).  Upon careful consideration of the record and the applicable law, the undersigned will grant petitioner's application for habeas corpus relief.

/////

**I. Background**

Petitioner is a thirty-four year old native and citizen of the Philippines. (Doc. No. 1 at 4.) He has been a lawful permanent resident of the United States since 1995. (Id.; Doc. No. 10 at 2.) On December 9, 2004, petitioner was convicted of possession of a controlled substance for sale, in violation of California Health & Safety Code § 11378. (Doc. No. 10 at 2.) He was sentenced to eight months in state prison in connection with that conviction. (Doc. No. 10 at 2.)

On September 27, 2012, more than seven years after his release from prison on the possession of a controlled substance for sale conviction, Immigration and Customs Enforcement (ICE) officers of the Department of Homeland Security (DHS) served petitioner with a Notice to Appear, charging him with removability under the INA for having been convicted of an aggravated felony and a controlled substances offense, based on that 2004 criminal conviction.[1] (Id. at 3.) Petitioner was arrested on that same date and has remained in ICE custody until the present time. (Id.) It is not clear from the record before the court why immigration agents did not arrest petitioner earlier. However, there is no evidence before this court suggesting that petitioner was hiding or that immigration officials did not know of his whereabouts during that lengthy delay.

Upon being taken into immigration custody petitioner sought a bond hearing before an immigration judge. (Id.) The immigration judge denied that request, reasoning that he was bound by the decision of the Board of Immigration Appeals in Matter of Rojas, 23 I&N Dec. 117 (BIA 2001), and could not grant a bond determination hearing unless ordered to do so by the U.S. District Court. (Doc. No. 1 at 5.)

/////

---

[1] Petitioner was also convicted of a petty theft in violation of California Penal Code § 484 on May 9, 2011, and possession of drug paraphernalia in violation of California Health & Safety Code § 11364 on August 28, 2012. (Doc. No. 10 at 2.) However, those convictions did not serve as the basis for the removal proceedings brought against him or for his detention in connection with those proceedings. (Id.)

2

Petitioner filed the pending habeas petition pursuant to 28 U.S.C. § 2241 in this court on November 15, 2012.

**II. Jurisdiction, Venue, and Standards of Review**

Pursuant to 28 U.S.C. § 2241, relief by way of a writ of habeas corpus extends "to a Department of Homeland Security detainee who is 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3)." Rianto v. Holder, No. CIV 11-00137 PHX FJM (MEA), 2011 WL 3489623, at *2 (D. Ariz. May 25, 2011). See also Maleng v. Cook, 490 U.S. 488, 490 (1989). This court has subject matter jurisdiction over the instant petition pursuant to § 2241 because petitioner is in custody under the authority of the United States and he claims that his mandatory detention without an individualized bond hearing is not statutorily authorized and that he is being detained in violation of his federal right to due process. Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(e) because respondents are officers or employees of the United States or an agency thereof acting in their official capacity or under color of legal authority, and petitioner resides in this district, specifically in the Yuba County Jail.

Named as defendants in this action are Yuba County Sheriff Steven Durfor; Janet Napolitano, Secretary of the United States Department of Homeland Security; John Morton, Director of Immigration and Customs Enforcement; Timothy S. Aitken, Director of the San Francisco ICE-Enforcement and Removal Operations (ERO) field office, Jason McClay, Assistant Director of the San Francisco ICE-ERO field office; and Eric Holder, Attorney General of the United States. In Rumsfeld v. Padilla, 542 U.S. 426, 428 (2004), the United States Supreme Court held that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Petitioner informs the court that defendant Yuba County Sheriff Steven Durfor is petitioner's immediate custodian. (Doc. No. 1 at 3.) Accordingly, the

/////

1 court concludes it has personal jurisdiction over the petitioner in this matter and will proceed to
2 address his claims on their merits.[2]

3 **III.  Petitioner's Claims**

4         Petitioner challenges the lawfulness of his detention under the mandatory
5 detention statute of the INA, 8 U.S.C. § 1226(c). (Doc. No. 1 at 2.)  He claims that he is not
6 subject to mandatory detention under § 1226(c) because immigration authorities failed to detain
7 him immediately after his release from prison on his qualifying felony conviction, or even shortly
8 after his release, as required by the plain language of the statute.  (Id. at 2, 6-7.)   Instead,
9 immigration authorities waiting until more than seven years before taking him into custody and
10 detaining him.  Petitioner argues that "[a] plain reading of the statute is that, for mandatory
11 detention to apply, DHS must take an alien into custody immediately upon release from non-
12 DHS custody." (Id. at 6.)  Petitioner contends that his detention is governed instead by 8 U.S.C.
13 § 1226(a), pursuant to which he is entitled to a bond determination hearing before an
14 immigration judge prior to being retained in immigration custody.  (Id..)  Petitioner also claims
15 that his detention pending his removal proceedings without any individualized bond hearing to
16 determine whether he poses a danger or a flight risk violates his Fifth Amendment right to due
17 process.  (Id.)

18         Respondents counter that the mandatory detention requirements of 8 U.S.C. §
19 1226(c) attach not only when an alien is taken into immigration custody immediately after his/her
20 release from prison on the underlying felony conviction, but also when there has "been a delay in
21 effecting that custody." (Doc. No. 10 at 2.)  In general, respondents argue that:  (1) the statutory

---

[2] Respondents do not challenge either petitioner's assertion that Sheriff Durfor is petitioner's immediate custodian or this court's personal jurisdiction over the petitioner. Accordingly, respondents have effectively waived this issue.  See Padilla, 542 U.S. at 452 ("Because the immediate-custodian and territorial-jurisdiction rules are like personal jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government"); Smith v. Idaho, 392 F.3d 350, 355 & n.6 (9th Cir. 2004) (a habeas court may exercise its discretion to avoid delay and waste of resources by recognizing a waiver instead of requiring formal amendment of the petition).

4

history with respect to 18 U.S.C. §1226(c) illustrates that the DHS may detain individuals without an opportunity to obtain bond even if significant time has passed since their release from prison; (2) the relevant language contained in § 1226(c) is ambiguous in this regard and the Board's interpretation of that language is a reasonable one; and (3) requiring that respondent provide a bond hearing to petitioner would impose an improper sanction on DHS for negligently failing to apprehend petitioner any sooner. (Id. at 3-20.)  Respondents contend that, given these factors, petitioner must be detained by ICE pursuant to the mandatory custody provisions of § 1226(c), and is therefore not entitled to a bond hearing pursuant to § 1226(a) as he requests. (Id.)

**IV. Analysis**

The issue before the court in this federal habeas petition is whether petitioner is subject to mandatory immigration detention even though he was arrested after a seven year gap in time between his release from custody on his underlying qualifying felony conviction and the date of his arrest by immigration officials. The parties agree that although one Circuit court and several district courts have considered this issue, there is no binding Ninth Circuit precedent on the question and the matter is one of first impression in the Eastern District of California.[3]

Title 8 U.S.C. § 1226(a), which was enacted as part of the Illegal Immigration Reform And Immigrant Responsibility Act of 1996 (IIRIRA), provides the Attorney General with the authority to arrest, detain, and release an alien during the pre-removal-order period when the decision as to whether the alien will be removed from the United States is pending. Specifically, the statute provides as follows:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. <u>Except as provided in subsection (c) of this section</u> and pending such decision, the

---

[3] Respondent informs the court that this issue is currently pending in the Third Circuit Court of Appeals in two cases which have been fully briefed and are awaiting argument. (Doc. No. 10 at 9.)

>    Attorney General –
>
>    (1) may continue to detain the arrested alien; and
>
>    (2) may release the alien on —
>
>    (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
>    (B) conditional parole; but
>
>    (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.
>
>    (b) Revocation of bond or parole
>
>    The Attorney General at any time may revoke a bond or parole authorized under subsection (a) of this section, rearrest the alien under the original warrant, and detain the alien.

(Emphasis added.)

Pursuant to 8 U.S.C. § 1226(c)(1)(B), however, certain aliens who have been convicted of crimes are subject to mandatory detention pending the outcome of removal proceedings. That code section provides in relevant part:

>    The Attorney General <u>shall</u> take into custody any alien who —
>
>    (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
>    (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, . . .
>
>    <u>when the alien is released</u>, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.
>
>    (2) Release
>
>    The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to

        provide protection to a witness, a potential witness, a person
        cooperating with an investigation into major criminal activity, or
        an immediate family member or close associate of a witness,
        potential witness, or person cooperating with such an investigation,
        and the alien satisfies the Attorney General that the alien will not
        pose a danger to the safety of other persons or of property and is
        likely to appear for any scheduled proceeding. A decision relating
        to such release shall take place in accordance with a procedure that
        considers the severity of the offense committed by the alien.

(Emphasis added). Detention under § 1226(a) is discretionary and permits release on bond by the Attorney General, while detention under § 1226(c) is mandatory and does not permit release on bond.

        The parties dispute the meaning of the phrase "when the alien is released" contained in 8 U.S.C. § 1226(c)(1)(B). Petitioner argues that since he was not taken into immigration custody immediately upon his release from criminal confinement, his ongoing detention without a bond hearing is improper under the clear language of the statute. In Matter of Rojas, 23 I. & N. Dec. 177 (BIA 2001), the BIA held that the "when the alien is released" clause of § 1226(c) mandates that aliens who have been convicted of certain enumerated offenses be detained, without the possibility of release on bond, "regardless of when they were released from criminal confinement and regardless of whether they had been living within the community for years after their release." 23 I. & N. Dec. at 122. In Rojas, the ICE had waited two days after the petitioner's release from incarceration before taking him into immigration custody. Id. The BIA determined that Rojas was subject to mandatory detention pursuant to § 1226(c), even though he was not taken into custody until two days after, rather than immediately following, his release from criminal confinement. Id. at 127

        Respondents assert that this court should defer to the BIA's construction of § 1226(c), as set forth in the decision in Rojas, under the principles set forth in Chevron U.S.A., Inc. v. Nat'l Res. Def. Council, Inc., 467 U.S. 837 (1984). (Doc. No. 10 at 15-20.) In Chevron, the United States Supreme Court established a two-step process for reviewing an administrative agency's interpretation of a statute. 467 U.S. at 842–43. Under that test, at step one the Court

7

must consider "whether Congress has directly spoken to the precise question at issue.  If the intent of Congress is clear, that is the end of the matter." Id.  If, however, "the statute is silent or ambiguous with respect to the specific issue," then the Court must proceed to step two and determine whether the agency's determination is "based on a permissible construction of the statute." Id.  Here, respondents argue that the language "when the alien is released" is ambiguous and that the agency determination that a qualifying alien may be taken into custody any time after his/her release from prison is a permissible construction of § 1226(c).  (Doc. No. 10 at 15-20.)

In support of their position in this regard, respondents cite the decision in Hosh v. Lucero, 680 F.3d 375 (4th Cir. 2012).  In Hosh, the Fourth Circuit agreed with respondent that the statutory language "when the alien is released" was ambiguous, that the BIA's interpretation of § 1226(c) as set forth in the decision in Rojas was reasonable, and that the BIA decision must be accorded deference under the principles announced in Chevron USA, Inc.  Hosh, 680 F.3d at 378.  Thus, the Fourth Circuit held that an alien is subject to mandatory detention under § 1226(c) even if there is a gap between the time of his or her release from criminal incarceration and the time of detention by immigration authorities.  Id. at 380.

Petitioner argues, on the other hand, that the language "when the alien is released" unambiguously means that the alien must be detained immediately or very shortly after his/her release from prison on the underlying felony in order for mandatory detention under § 1226(c) to be applicable. (Doc. No. 11 at 2, 3-5.)  Petitioner claims that since he was not detained by immigration officials until more than seven years after his release from state prison, he may be detained by the Attorney General pending the removal decision only under the discretionary detention provision of § 1226(a), and that he is entitled to a bond determination hearing under § 1226(a)(2).  (Id. at 5-6.)  Petitioner notes that if DHS officials fail to detain an individual immediately after release from prison, as required by § 1226(c), they may still seek the detention of the individual so long as they provide a bond hearing to determine if the person poses a safety or flight risk.  (Id.)  Therefore, according to petitioner, an interpretation of 8 U.S.C. § 1226(c)

8

requiring an immigration arrest immediately after release from incarceration on the underlying removable offense would not impose any undue burden on respondents. (Id.)

As explained above, the only Circuit court to address the issue raised by the petitioner in this federal habeas action concluded that an alien was subject to mandatory detention under 8 U.S.C. 1226(c) even if there was a gap in time between his release from confinement in connection with the underlying removable felony conviction and the date of his arrest by immigration officials. See Hosh, 680 F.3d at 375. Some district courts to have considered the issue have reached the same conclusion. See e.g., Khetani v. Petty, 859 F. Supp.2d 1036, 1038-39 (W.D. Mo. 2012) ("[Section 1226(c)] is vague as to the meaning of 'when' and . . . deference is due to the BIA's interpretation. . . ."); Espinoza-Loor v. Holder, No. 11-6993(FSH), 2012 WL 2951642 (D. N.J. July 2, 2012) (petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c) even though he was not detained until more than four years after his release from state prison); Castillo v. Aviles, Civil Action No. 12-2388, 2012 WL 5818144, at *4 (D N.J. Nov. 15, 2012) (same); Santana v. Muller, No. 12-cv-430, 2012 WL 951768 at *4 (S.D.N.Y. Mar. 12, 2012) (holding that § 1226(c) is ambiguous because the word "when" could mean "at the moment of release, or it could mean at any time following release"); Guillaume v. Muller, No. 11-cv-8819, 2012 WL 383939 at *4 (S.D.N.Y. Feb. 7, 2012) (phrase "when the alien is released" ambiguous because it could reasonably be construed in different ways); Mendoza v. Muller, No. 11-cv-7857, 2012 WL 252188 at *3 (S.D.N.Y. Jan. 25, 2012) (mandatory detention provision contained in § 1226(c) applies even though the petitioner not taken into immigration custody until more than two years after his release from custody on the deportable crimes); Diaz v. Muller, No. 11-4029 (SRC), 2011 WL 3422856 at **4-5 (D. N.J. Aug. 4, 2011) (holding that the statutory language was ambiguous).

However, many other district courts to have reached this precise issue, including all of the district courts in the Ninth Circuit to have considered it, have concluded that 8 U.S.C. § 1226(c) does not apply unless the petitioner is taken into custody immediately or very shortly

following his or her release from custody on the underlying removable offense.  See e.g., Valdez v. Terry, 874 F. Supp.2d 1262 (D. N.M. 2012) (detention under § 1226(c) requires the immediate detention of the alien by immigration officials upon the alien's release from confinement); Quezada-Bucio v. Ridge, 317 F. Supp.2d 1221 (W.D. Wash. 2004) (§ 1226(c) applies only to those aliens taken into immigration custody immediately after their release from state custody and did not apply where the petitioner was taken into immigration custody two years after he was released from state custody on the underlying removable offense); Alikhani v. Fasano, 70 F. Supp.2d 1124, 1130 (S.D. Cal. 1999) (finding, in dicta, that because the term "when" is defined as "just after the moment that," the statutory language clearly intends that the mandatory detention provision only applies to aliens who are detained at the time of their release from criminal confinement); Kerr v. Elwood, No. 12-6330 (FLW), 2012 WL 5465492, at *3 (D. N.J., Nov. 8, 2012) (the "when the alien is released" language requires the Government to act immediately upon an alien's release from criminal custody; when the Government does not act immediately, the alien is properly considered to be held under § 1226(a)); Nimako v. Shanahan, No. 12-4909 (FLW), 2012 WL 4121102 (D. N.J. Sept. 18, 2012) (petitioner's detention was governed by 8 U.S.C. § 1226(a) because DHS did not take the petitioner into custody when he was released from criminal incarceration for an offense underlying the removal charges, but instead waited almost five years before taking him into immigration custody); Bogarin-Flores v. Napolitano, No. 12cv0399 JAH (Wmc), 2012 WL 3283287, at *3 (S.D. Cal. Aug. 10, 2012) (petitioner was entitled to bond hearing under 8 U.S.C. § 1226(a) where he was detained by immigration authorities two years after being released from state prison); Rianto, 2011 WL 3489623 at *5 (petitioner was entitled to a bond hearing where he was detained more than three years after being released from state prison and there was no "nexus" between petitioner's removable crimes and his detention by immigration authorities); Zabadi v. Chertoff, No. C 05-03335 WHA, 2005 WL 3157377 (N.D. Cal. Nov. 22, 2005) (DHS was not authorized under the analogous statute to § 1226(c) to arrest petitioner given a two-year delay in taking him into

custody; DHS "need not act immediately but has a reasonable period of time after release from incarceration in which to detain").[4]  As noted by one district court in New York, "the majority of courts have held that the 'when . . . released' clause connotes immediacy in accord with petitioner's position regarding the interpretation of [§ 1226(c)]." Guillaume, 2012 WL 383939 at *5.  See also Bogarin-Flores, 2012 WL 3283287, at *3 (concluding that the weight of authority leans towards petitioner's viewpoint on this issue).

        The court concludes that petitioner is not subject to mandatory detention under § 1226(c) and will therefore grant his application for habeas corpus relief.  The court agrees with the reasoning of the decisions of the majority of courts to have considered this issue, including all other district courts in this Circuit, that 8 U.S.C. § 1226(c) requires that an alien be taken into custody immediately or shortly after release from custody on the removable offense.  The court finds that the plain language of 8 U.S.C. § 1226(c) is unambiguous with respect to the requirement that the DHS detain individuals under that section "upon release" from criminal custody and that this unambiguous language does not countenance lengthy delays in taking an individual into immigration custody such as occurred here.  Accordingly, the court may not defer to the decision of the BIA in Rojas that the statute is ambiguous and allows for immigration mandatory detention even after a lengthy gap in time between release from criminal custody and arrest by immigration officials.  See Chevron, 467 U.S. at 843-44.[5]

        Because petitioner was not detained by immigration officials immediately upon his release from custody after serving his state prison sentence for possession of a controlled

---

[4] It should be noted that in Saysana v. Gillen, 590 F.3d 7, 16 (1st Cir. 2009), the Circuit court also stated, in dicta, that the "when released" language contained in § 1226(c) was clear and unambiguous.

[5] This court further finds that the Rojas decision is factually distinguishable from this case.  The petitioner in Rojas was detained by immigration officials within two days of his release from criminal custody, whereas petitioner in this case was not detained by immigration officials until more than seven years after his release from state prison.  Accordingly, the decision in Rojas does not dictate the result here in any event.

11

substance for sale, and there was no nexus between his 2004 crime and his immigration detention, he is entitled to a bond hearing under 8 U.S.C. § 1226(a).[6]

## V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is granted.

2. Respondents shall either release petitioner from custody under an order of supervision or, within 30 days from the date of this order, afford petitioner an individualized bond hearing before an immigration judge with authority to grant petitioner bail unless the government establishes that he is a flight risk or a danger.

DATED: March 15, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
bumanlag2824.hc

---

[6] Because the court finds in this case that mandatory detention is not authorized under 8 U.S.C. § 1226(c), the court will not reach petitioner's argument that his mandatory detention violates his Fifth Amendment right to due process.

12